**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ERNESTO LOPEZ,** | § | |
| **Petitioner** | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-06-298** |
| | § | |
| **JOE DRIVER, Warden,** | § | |
| **FCI THREE RIVERS;** | § | |
| **FEDERAL BUREAU OF PRISONS,** | § | |
| **Respondent** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas.  Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 8, 2006 arguing that his constitutional rights are being violated because BOP officials refuse to allow him to participate in a Residential Drug Abuse Program ("RDAP"), the completion of which could entitle him to a one-year reduction in his sentence (D.E. 1).  Respondent filed an answer and a motion to dismiss on October 10, 2006 to which petitioner did not respond (D.E. 10, 11).

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On May 24, 2002 in the United States District Court for the Northern District of Oklahoma, petitioner pleaded guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Jgmt., attached to D.E. 11).  Petitioner was sentenced to confinement in the BOP for 108 months, to be followed by a five-year period of supervised release.  One of the conditions of petitioner's supervised release is that upon

completion of his term of imprisonment, he was to be surrendered to a duly-authorized immigration official for deportation proceedings in accordance with established procedures of the Immigration and Naturalization Act (Id.)

Petitioner used a "fill-in-the-blank" petition in which he argues that the BOP is violating his constitutional rights by categorically finding that prisoners whose sentences were enhanced because of firearms, or because of their prior criminal history, are ineligible for the sentence reductions that are part of the incentive for participating in the RDAP.  It is unclear from the petition when, how, or even if a firearm was used to enhance petitioner's sentence.  Neither petitioner nor respondent provided any information regarding use of a firearm in petitioner's case.  Nevertheless, because petitioner makes the general allegation that his offense is deemed a violent crime, it is assumed for purposes of this motion that petitioner's sentence was enhanced either by use of a firearm or because elements of his prior criminal history led to a finding that he was found to have participated in a crime of violence.

Respondent moves to dismiss petitioner's cause of action, arguing that (1) he has failed to exhaust his administrative remedies and (2) he has failed to state a claim because the BOP has the discretion to refuse to reduce his sentence.  Petitioner did not file a response to the motion to dismiss.

## APPLICABLE LAW

### A.  The BOP Policy in Dispute

Section 3621(e)(2)(B), enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, provides that certain federal prisoners convicted of *nonviolent offenses* who remain in custody after completing treatment in a RDAP *may* receive a reduction in

their sentences of up to one year.  18 U.S.C. § 3621(e)(2)(B) (emphasis added).  Section 3621

does not define "nonviolent offense."  Rather, Congress left the specific contours of the program

to the BOP's discretion:

> In effect, this subparagraph [(§3621(e)(2)(B)] authorizes the Bureau of Prisons to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based *on criteria to be established by the Bureau of Prisons.*

H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993)(emphasis added).

Under current BOP regulations, the following categories of inmates are *not* eligible for

early release:

(i)     INS detainees;
(ii)    Pretrial detainees;
(iii)   Contractual boarders (for example, D.C., State, or military inmates);
(iv)    inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;
(v)     Inmates who are not eligible for participation in a community based program as determined by the Warden on the basis of his or her professional discretion;
(vi)    Inmates whose current offense is a felony:
    (A)     That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
    (B)     That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
    (C)     That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
    (D)     That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1).  Petitioner argues that the BOP has illegally excluded him from

eligibility for an RDAP, and consequently, a subsequent one-year sentence reduction, by

enhancing his nonviolent drug offense conviction to a violent offense because a firearm was

found at the crime scene or because of his prior criminal history.

### B.  Exhaustion of Administrative Remedies

Respondent argues that petitioner's cause of action should be dismissed because he failed to follow the well-established three-tiered BOP system for pursuing administrative claims.  The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 *et seq.*  First, the inmate must present the complaint to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level.  28 C.F.R. § 542.13(b).  The warden has 20 calendar days in which to respond to the complaint.  28 C.F.R. § 542.14.  If dissatisfied with the warden's response, the inmate may appeal within 20 days of the response to the regional director.  28 C.F.R. § 542.15.  The regional director has 30 days in which to respond to the appeal.  If dissatisfied at the regional level, the inmate has 30 days from the date of the regional director's response to appeal to the general counsel.  28 C.F.R. § 542.15.  The appeal to the general counsel is the final administrative appeal provided by the BOP.

It is well established that a petitioner seeking habeas relief under § 2241 must first exhaust remedies available through the BOP.  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).  An exception to the exhaustion requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies.  Id. at 62.

Petitioner bears the burden of demonstrating the futility of administrative review.  Id. (citing Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992)).  Because

4

petitioner did not respond to the motion to dismiss, he has failed to present any explanation or argument for why he did not exhaust his administrative remedies. Accordingly he has failed to meet his burden of showing why he should not be required to exhaust his administrative remedies and his cause of action should be dismissed for failure to exhaust.

### C.  Failure to State A Claim

Even if petitioner exhausted his administrative remedies or showed that he was not required to do so, the Supreme Court has addressed the issue raised by him and has upheld the BOP's power to categorically deny early release eligibility to inmates convicted of violent offenses. Lopez v. Davis, 531 U.S. 230, 238 (2001). In Lopez, the Supreme Court addressed a split in the Courts of Appeals regarding the BOP's application of 18 U.S.C. § 3621(e)(2)(B) and categorical exclusion from early release of prisoners "who possessed a firearm in connection with their offenses." Id. at 234. As noted above, the BOP also excludes from early release "'[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.'" Id. (citing 28 C.F.R. § 550.58(a)(1)(iv)). The Supreme Court explained that although "[d]rug traffickers who possess firearms when they engage in crimes are [not] characterized as 'violent' offenders ... they are bracketed, for sentence reduction purposes, with persons currently incarcerated for 'nonviolent offense[s]' who in the past committed crimes qualifying as violent." Id. at 236. It agreed with the BOP's assertion that:

> [The BOP's] denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life; accordingly, in the interest of public safety, they should not be released months in advance of completing their sentences.

5

Id. at 240.  It further found that § 3621(e)(2)(B) operates as a grant of discretion to the BOP.  Id.; see also Warren v. Miles, 230 F.3d 688, 693 (5th Cir. 2000)(Fifth Circuit has "recognized that section 3621(e)(2)(B) grants the BOP broad discretion to exclude from early release consideration prisoners serving sentences ... that were enhanced for possession of a dangerous weapon.").

In Lopez, the Supreme Court framed the question as whether the BOP "filled the statutory gap [in 18 U.S.C. § 3621(e)(2)(B)] 'in a way that is reasonable in light of the legislature's revealed design.'" 531 U.S. at 242 (quoting Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995)).  It stated that "'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'"  Id. at 244 (quoting American Hospital Ass'n v. NLRB, 499 U.S. 606, 612 (1991)).

The Supreme Court held that the regulation was permissible and that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus *has the authority, but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."  Id. at 241 (emphasis added).  It also rejected the petitioner's argument "that the agency must not make categorical exclusions."  Id. at 243.  Finally, it determined that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb."  Id. at 242.

Lopez forecloses petitioner's argument that the BOP cannot create categorical exclusions based on firearm use.[1]  Accordingly, he has failed to state a cause of action and his case should be dismissed for failure to state a claim.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motion to dismiss (D.E. 10) be granted and petitioner's cause of action be dismissed for failure to exhaust and in the alternative for failure to state a claim.

Respectfully submitted  this 27th day of November, 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1]Lopez also would foreclose any argument petitioner might have based on his immigration status, i.e., if he were complaining that the BOP should not exclude inmates from consideration for the sentence reduction because they are subject to an INS detainer.  See also Carranza v. Medellin, 252 F.3d 1356 (5th Cir. 2001)(BOP's exclusion of INS detainees from community-based portion of RDAP is rationally related to the legitimate government interest of preventing INS detainees from fleeing.)

7

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).